IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01406-REB-KLM

KATLIN HAPP,
MARK ANTHONY TOY, and
BRANDEE STECKLEIN,

    Plaintiffs,

v.

BOSELLI INVESTMENTS ARVADA TWO LLC, doing business as McDonalds,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 8; Filed July 16, 2012] (the "Motion to Dismiss") and on Plaintiffs' **Opposed Motion for Leave to Amend Their Complaint** [Docket No. 13; Filed August 6, 2013] (the "Motion to Amend"). On August 6, 2013, Plaintiffs filed a Response [#12] in opposition to the Motion to Dismiss [#8]. On August 23, 2013, Defendant filed a Reply [#15]. On August 23, 2013, Defendant also filed a Response [#16] in opposition to the Motion to Amend [#13]. For the reasons set forth below, the Court **GRANTS** the Motion to Amend [#13] and **DENIES as moot** the Motion to Dismiss [#8].

    The Court begins by addressing the Motion to Amend. As a preliminary matter, a Scheduling Conference has not yet been held, and thus Plaintiff's request to amend the Complaint is timely. The Court therefore considers any arguments raised by the parties

related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the proposed Amended Complaint [#13-1], Plaintiffs provide additional pleading information in response to the alleged deficiencies in the Complaint [#1] raised by Defendant in its Motion to Dismiss. *Motion to Amend* [#13] at 1-2.

Defendant argues that Plaintiffs' amendments are futile. *Response* [#16] at 4. An amendment is futile if it would not survive a motion to dismiss. *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). However, the Court notes that this case is still in its earliest stages. Plaintiffs have neither filed an amended complaint as a matter of course nor previously sought leave to amend their Complaint. No ruling has issued on any dispositive motion. A Scheduling Conference has not yet been held and discovery has not commenced. At this stage of the proceedings, the Tenth Circuit has expressed that, "[T]he preferred practice is to accord a [party] notice and an opportunity to amend his [pleading] before acting upon a motion to dismiss for failure to state a claim[.]" *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991). In the circumstances at hand, therefore, the Court will not deny leave to amend on the basis of futility. Thus, the Court permits Plaintiff leave to file an Amended Complaint. *See, e.g.*, *Starr v. City of Lakewood*, No. 08-cv-01390-WYD-KLM, 2008 WL 5246158, at *1 (D. Colo. Dec. 16, 2008).

Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Amend [#13] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiffs' Amended Complaint [#13-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint on or before **September 13, 2013**.

IT IS FURTHER **ORDERED** that the Motion to Dismiss [#8] is **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

DATED: August 29, 2013 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge